BLACKMON, administrator, *v.* McLENDON.

No. 10036. September 17, 1934.

*B. W. Fortson*, for plaintiff in error. *Earle Norman*, contra.

ATKINSON, J. Toombs McLendon, as assignee (as collateral security for a debt) of a policy of life insurance issued to Georgia McLendon, instituted an action against the National Life Insurance Company for an amount alleged to be due on the policy, consisting of an alleged balance after deducting the amount of a designated "policy loan" due on the policy. In its answer the defendant admitted that it was indebted for the said balance alleged to be due on the policy, but set up, in the nature of a petition for interpleader, that J. H. Blackmon, as administrator of the estate of Georgia McLendon, had asserted a claim for the amount; that it was doubtful to which of the claimants the amount should be paid; that defendant stood ready and offered to pay the amount into court. It was prayed that the court decree the rightful claimant, to the end that defendant should be protected in the payment of said sum. The alleged balance was paid into court under order that the company be discharged to the extent of such payment. The administrator was duly made a party, and filed his intervention setting up his claim to the proceeds of the policy, and attacking the alleged assignment as void on the grounds (a) that such assignment was not executed by the insured; (b) that at the time of the alleged assignment the assignor was not indebted to the assignee; (c) that if the assignment was executed and a debt existed, such assignment was nevertheless void because obtained by fraud and undue influence. On the trial a verdict for the plaintiff was directed. Blackmon, administrator, made a motion for a new trial on the general grounds, and on certain special grounds complaining of rulings upon admissibility of evidence, and of the direction of the verdict. A new trial was refused, and the movant excepted.

1. On the issue of no consideration for the note and the contract of assignment of the insurance policy as collateral security for the note, raised by the intervention of the administrator, evidence of a prior contract of assignment between the parties, not

458

assented to in writing by the insurer, purporting to assign unconditionally the policy to the same assignee upon a specified consideration, was admissible.

2. Where a part of the specified consideration was conveyance of realty of a stated value, the deed conveying the realty to the assignor was also admissible in evidence.

3. The evidence demanded a finding that the assignment alleged in the petition was duly executed and recognized by the insurer; also that the contract was upon a valid consideration.

4. The evidence was insufficient to authorize a finding that the assignment was procured by fraud or undue influence.

5. Under the pleadings and the evidence the verdict directed for the plaintiff was demanded, and such direction was not erroneous on the ground that there were issues of fact that should have been submitted to the jury.

6. In the circumstances the grounds of the motion for a new trial show no error, and the judge did not err in refusing a new trial.    *Judgment affirmed.    All the Justices concur.*